## Inter-communication System of America v. Ferguson

*J. Leonard Solomon,* for plaintiff.

*T. A. Tenor,* for defendant.

SOHN, J., June 9, 1947.—Inter-Communication System of America, a corporation, filed a complaint against John M. Ferguson, to recover for the sale and delivery of merchandise purchased by written order, signed by an agent and employe of defendant. Defendant replied to the complaint and plaintiff filed preliminary objections to defendant's reply. These objections consist of a motion to strike off the pleadings, a motion for a more specific pleading and a demurrer (motion for judgment for want of sufficient pleading).

We refer first to the motion to strike off the pleading. The first objection is that defendant has filed a pleading which he designates "affidavit of defense". It is contended that this pleading is not in compliance with Pa. R. C. P. no. 1017 (*a*), which requires the filing of an answer. Although referred to as an affidavit of defense, we will permit defendant to designate this pleading as an answer. The second objection is that the pleading is not in compliance with rule 1024 (*a*), which requires an affidavit that the averments or denials are true "upon the affiant's personal knowledge or information and belief". The affidavit in this case merely states "sworn to and subscribed before me this

15th day of February, 1947". We will permit defendant to attach to the pleading an affidavit in compliance with rule 1024 (*a*). The pleading is objected to in that it is not in compliance with rule 1023 (*a*), requiring signature of the attorney. The pleading as it appears before us has the signature of T. A. Tenor, attorney for defendant. These objections are all to matters of form, and not substance. In the transition to practice under the new rules, we are of the opinion the court should afford defendant an opportunity to amend as to matters of form, until such time as counsel have had an opportunity to become thoroughly familiar with the requirements of the new rules.

Defendant's motion for a more specific pleading is based on rule 1019 (*h*), which requires that a copy of any writing upon which the defense is based, shall be attached to the pleadings. In paragraph 5, defendant avers that a letter was written to plaintiff. We will require a copy of this writing to be attached to the answer. Plaintiff further avers that defendant has failed to comply with rule 1019 (*b*), which requires that averments of fraud or mistake be averred with particularity. In paragraph 9, defendant avers that the contract was obtained by fraud and misrepresentation on the part of plaintiff. We will require that defendant aver with particularity the facts upon which this allegation is based.

Plaintiff's third preliminary objection is a demurrer, or motion for judgment for want of sufficient pleading. It is averred that any representation made by plaintiff could not avail defendant as a defense, because these matters would be merged in the written contract. A part of the written contract is a provision for a 10-day free trial privilege. However, the written contract does not state that this 10-day free trial privilege is exclusive. Whether it was intended so to be may, upon trial of the cause, become a question of fact for a jury's determination. Defendant admits receipt

of the merchandise. It is further contended that defendant's pleading is insufficient because the written contract contains a 90-day guarantee against mechanical defects or defective workmanship. Defendant's pleading avers that plaintiff was notified within 90 days that the equipment was defective. This situation may result in a question of fact to be submitted to a jury. Defendant avers that plaintiff advised defendant not to return the material and the plaintiff advised the defendant that the same would be made to function. Plaintiff complains that there is no averment that such instructions were given within the 10-day free trial period, or the 90-day guarantee period. We think this is a matter of evidence to be ruled on at the trial. Plaintiff further contends that defendant cannot aver an implied warranty that the goods were fit and marketable for use as a communications system because of the 10-day free trial period and the 90-day guarantee period set forth in the contract. Further, that the equipment was purchased under its patent name "Flash a Call". Therefore, there could be no implied warranty. We have discussed the 10-day free trial period, and the 90-day guarantee period. There is nothing in the written agreement to show that the particular goods purchased were sold under a patent name. The patent name "Flash a Call" appears at the top of the agreement. However, the description of the equipment in the agreement makes no reference to the patent name "Flash a Call". Plaintiff contends that defendant's pleading raises no issue or question of law or fact for the determination of which a jury trial is necessary. We are of the opinion that under the pleadings in this case, we would not be justified in sustaining the demurrer and thereupon entering judgment for want of sufficient pleadings.

### Order

And now, to wit, June 9, 1947, plaintiff's motion to strike off pleading is overruled, and defendant shall,

within 10 days from this date, of record designate the pleading as an answer, and defendant shall attach to the pleading an affidavit in compliance with the requirements of rule 1024(*a*).

Plaintiff's motion for a more specific pleading is sustained, and it is ordered that defendant, within 10 days from this date, attach to his answer, a copy of any writing upon which he intends to rely at the trial, and it is further ordered that within 10 days from this date, defendant aver with particularity the facts upon which he relies in his contention that the contract was obtained by fraud and misrepresentation on the part of the plaintiff.

Defendant's demurrer (motion for judgment for want of sufficient pleading), is overruled.